**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4228**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

QUENTIN THEODUS JONES,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:05-cr-00103-BO)

_____

Submitted:  March 2, 2007          Decided:  April 23, 2007

_____

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. James Roos, III, LAW OFFICES OF J. JAMES ROOS, III, LLC, Towson, Maryland, for Appellant.  Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Theodus Jones pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced him to 108 months in prison. Jones timely appealed.

Jones' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but questioning whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Jones' guilty plea and whether the district court erred in calculating Jones' sentence. Jones was advised of his right to file a pro se supplemental brief, but he has not filed one. We affirm Jones' conviction and sentence.

Because Jones did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Although counsel identified none, we find that the district court made some omissions in conducting the Rule 11 hearing. Specifically, the district court did not inform Jones of: the penalties for perjury if he was questioned under oath about the offense, Rule 11(b)(1)(A); his right to plead not guilty, Rule 11(b)(1)(B); his right to counsel, Rule 11(b)(1)(D); or the fact that the court must consider the federal sentencing guidelines but may depart, Rule 11(b)(1)(M). However, we find

that, under the facts of this case, the district court's omissions did not affect Jones' substantial rights and therefore did not amount to plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993) (stating plain error standard).

Turning to Jones' challenge to the calculation of his sentence, after United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). We find that the district court sentenced Jones within the properly calculated guideline range and that neither Jones nor the record suggests any information that would rebut the presumption of reasonableness.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Jones' conviction and sentence. This court requires that counsel inform Jones, in writing, of the right to

petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED